JUDGE BRICCETTI

13 CV 8699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICOLE BENJAMIN,

      Plaintiff,      COMPLAINT
                JURY TRIAL DEMANDED

--Against--

CITY OF YONKERS; WILSON TERERRO, individually,
and as an aider and abettor; CHARLES LESNICK,
individually, and as an aider and abettor; and
CHRISTOPHER JOHNSON, individually, and as
an aider and abettor.

      Defendants.
------------------------------------------------------------X

  Plaintiff, NICOLE BENJAMIN, by plaintiff's attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

I.  **INTRODUCTION**

1.  This is an action to vindicate the civil rights of plaintiff.

2.  Plaintiff, is a black women and is a former legislative aide to the Yonker's City Council, contends that plaintiff was terminated from her municipal employment because she suggested in written complaints, that she was mistreated by her municipal supervisors because she is a black woman. Defendants terminated plaintiff shortly after she so complained in an e-mail exchange with a municipal decision-maker. At least one affiant has attested to the fact that a decision-maker stated that plaintiff had to be terminated because she had become "dangerous" on account of her complaints and letter writing. In short, plaintiff was a victim of retaliation because she openly complained that her mistreatment occurred solely because of her race and her sex.

II.  **JURISDICTION**

3.  This Court has jurisdiction over this action under 42 U.S.C. Sections 1981 and 1983.

1

III.   PARTIES

4.   Plaintiff, at all relevant times, was employed by City of Yonkers as legislative aide, assigned, in particular, to Councilman Christopher Johnson's office, but answerable to other council members. Plaintiff resides in Westchester County, New York. Plaintiff sues in plaintiff's individual capacity.

5.   Defendant, Christopher Johnson, is herein sued in defendant's individual capacity, under 42 U.S.C. Sections 1981 and 1983, for requesting plaintiff's termination, without rational basis, when she protested her mistreatment because she is black racial and is a woman, in violation of the 14th Amendment of the United States Constitution, while acting under color of state law. Defendant, at all relevant times, was employed by City of Yonkers when defendant undertook this illegal behavior against plaintiff.

6.   Defendant, Charles Resnick, is herein sued in defendant's individual capacity, under 42 U.S.C. Sections 1981 and 1983, for aiding and abetting retaliatory behavior against plaintiff without rational basis in violation of the Amendment of the United States Constitution, while acting under color of state law when she protested her mistreatment on racial and gender grounds. Defendant, at all relevant times, was employed by the City of Yonkers when defendant undertook this illegal behavior against plaintiff.

7.   Defendant, Terrero Wilson, is herein sued in defendant's individual capacity, under 42 U.S.C. Sections 1981 and 1983, for acquiescing in, and subsequently ordering, without rational basis, plaintiff's retaliatory discharge, and for displaying deliberate indifference to plaintiff's mistreatment, once he was aware it, all in violation of the 14th Amendment of the United States Constitution, while acting under color of state law. Defendant, at all relevant times, was employed by City of Yonkers when defendant undertook this illegal behavior against plaintiff.

8. Defendant, City of Yonkers through its City Council, (hereinafter, "government defendant"), is a proper suable entity under 42 U.S.C. Sections 1981 and 1983, and it acts under color of state law. At all relevant times, defendant employed the individual defendant(s), and it is an employer.

## IV. FACTUAL AVERMENTS

9. On Thursday, June 21, 2012, a City of Yonkers Councilman, Lesnick, physically grabbed plaintiff and attempted to physically force her to go on to a public stage and to accept an award on behalf of one of her supervisors, Councilman Christopher Johnson. Plaintiff found Lesnick's touching to be offensive, and it certainly was unwelcome.

10. Later, on the same day, plaintiff informed Nerissa Vitora, Chief of Staff for Wilson Terrero, the Democratic Majority Leader on the Yonker's City Council, and one of plaintiff's supervisors, that she needed a mental break and a day off, in part, because of the grabbing incident with Councilman Lesnick, but that her direct supervisor, Councilman Johnson, was refusing to give her immediate permission to take the day off.

12. Ms. Vitora then informed plaintiff, on behalf of Wilson Terrero, the Democratic Majority Leader in the Yonker's City Council, that she was granted permission to take a personal day, that plaintiff would be paid for the day, and that the timekeeper/payroll clerk would be so informed so that such permission would be reflected on plaintiff's paycheck.

13. Plaintiff possesses the relevant paycheck reflecting that she was paid for this personal day, and that she had permission from the Majority Leader – councilman Johnson's de facto boss -- to take the day off.

14. Plaintiff returned to work on Monday, June 25, 2012, as planned and as approved.

15. At approximately 2:48 p.m., plaintiff sent an e-mail to Lesnick – the municipal Councilman who had attempted to physically force her on to stage -- accusing him of crossing

3

the line on and "publicly assault[ing] her] with a banquet hall full of [his] colleagues and constituents".

16. However, later on that day, Lesnick responded to plaintiff's June 25, 2012 e-mail, and amongst other things, offered that "...[he] had conversation with Christopher [Johnson] after [plaintifff] copied him [Christopher Johnson] on this email".

17. Within eighteen (18) minutes, plaintiff replied to Lesnick's email to her and explained that she was "certain" that his behavior "would never occur to another fellow *female* city employee." In that instance, plaintiff was suggesting that Lesnick's behavior occurred because she was a female, and that it would not have occurred if she had been a white female.

18. Plaintiff reasonably believed that Lesnick's behavior was discriminatory, because she is aware from personal interactions with Lesnick and with other City of Yonkers employees, that no white men were ever so mistreated by Councilman Lesnick.

19. Plaintiff copied her supervisor, Councilman Christopher Johnson, on this exchange with Councilman Lesnick.

20. At no point prior to this exchange, did Councilman Johnson or anybody employed with the City of Yonkers or the Yonker's City Council, ever suggest to plaintiff that she was on the verge of being terminated, or that she had "performance problems" which would likely result in her termination.

21. In any event, the very next day, June 26, 2012, after this e-mail exchange with Lesnick, Nerissa Vitora, Chief of Staff for Councilman Terrero Wilson, came to plaintiff's desk and informed her on behalf of Councilman Wilson, that Councilman Christopher Johnson had requested, only within the previous 24 hours, that she be terminated.

22. It was not until July 9, 2012, that plaintiff was formally terminated by Councilman Wilson and without any explanation whatsoever, other than the fact that Councilman Johnson had requested it.

23. Plaintiff promptly applied for, and obtained, unemployment compensation without any opposition whatsoever from defendants, strongly suggesting that her termination did not occur in connection with any misconduct on her part.

24. Defendants have engaged in impermissible retaliation, as evidenced by the close temporal proximity between plaintiff's protected activity and Councilman Lesnick's admitted conversation with Councilman Johnson about plaintiff, and Councilman Johnson's near-instantaneous request, a day later, that she be fired.

25. Plaintiff's rights are clearly established, and reasonable persons, including individual defendant(s) herein, is/are aware of these rights, or has/have reason(s) to be so aware of these rights. As well, defendants' actions were undertaken pursuant to customs, practices and policies of the government defendant.

26. As a further proximate result of defendants' illegal acts towards plaintiff, plaintiff has suffered a substantial and permanent loss of revenue.

27. As a further proximate result of defendants' illegal actions towards plaintiff, plaintiff has suffered substantial embarrassment, humiliation and permanent impairment and damage to plaintiff's good name and reputation.

28. As a further proximate result of defendants' illegal actions, plaintiff, has suffered mental anguish and emotional injury.

29. Defendants' illegal actions were outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive damages as against all individual defendants herein.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – 42 U.S.C. Section 1981 as against *City of Yonkers, Christopher Johnson, Charles Lesnick and Terrero Wilson*

30. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

31. Government defendant City of Yonkers and Yonkers City Council, violated 42 U.S.C. Section 1981 by allowing plaintiff to be subjected to retaliation after she engaged in protected activity by suggesting that she was being mistreated because she was/is black, and separately, by failing to take timely and appropriate remedial actions once it became aware of said mistreatment.

### SECOND CAUSE OF ACTION – 42 U.S.C. Sections 1983 as against *City of Yonkers, and individual defendants, Christopher Johnson, Charles Lesnick and Terrero Wilson*

32. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

33. Defendants violated 14th Amendment(s) of the United Stated Constitution as secured by 42 U.S.C. Section 1983 by retaliating against plaintiff, and/or aiding such retaliation, against plaintiff, without rational basis, after she engaged in protected activity of suggesting that she was mistreated because she was/is a black woman. Further, by failing to take timely and appropriate remedial actions once it became aware of said mistreatment, all defendants displayed deliberate indifference and failed to intervene to terminate civil rights violations against plaintiff when they had duties to do so.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court grant to plaintiff the following relief:

a. Permanent Injunctive Relief;

b. An award of damages to be determined at the time of trial to compensate

plaintiff for lost wages and benefits, for mental anguish, for humiliation, for embarrassment, and for other emotional injury;

c. Awards of punitive damages to be determined at the time of trial as against the individual defendant(s);

d. Awards of reasonable attorney fees and the costs of this action and,

e. Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
December 6, 2013

Respectfully Submitted,
Law Offices of Ambrose Wotorson

By_____
Ambrose W. Wotorson (AWW-2412)
26 Court Street, Suite 1811
Brooklyn, New York 11242
718-797-4861